**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

| | |
|---|---|
| RACHELLE CHAPMAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TASTY HUT, LLC; TASTY HUT OF NC, LLC; TH PROPCO, LLC; and DOES 1 to 25,<br><br>Defendants. | **Case No.: 1:22-cv-00208-WO-LPA**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.   **INTRODUCTION**

After extensive negotiations through their counsel, Plaintiff Rachelle Chapman ("Plaintiff") as the proposed representative of the Settlement Class, as defined herein, and Defendants Tasty Hut, LLC, Tasty Hut of NC, LLC, and TH Propco, LLC ("Defendants" together with Plaintiff as the "Parties") have reached a proposed class action settlement in this case.

The injunctive relief achieved here is the culmination of hard fought, arms-length settlement negotiations between the parties during a mediation with attorney Anne Marie Estevez. The proposed Class Settlement Agreement and Release (the "Agreement," attached as **Exhibit 1** to the Declaration of Benjamin J. Sweet) provides for significant, systemic, comprehensive and lasting relief for the Class, including the following:

- Within two (2) months of the Effective Date,[1] Tasty Hut will engage an ADA Consultant for purposes of implementing its obligations arising under the Agreement;

- Within 12 months following the Effective Date, Tasty Hut will send a letter to each landlord for the Landlord Responsible Locations, notifying the landlord of its compliance obligations under the ADA with respect to the Parking Facilities;

- Within 18 months following the Effective Date, the ADA Consultant will survey the Parking Facilities at the Tenant Responsible Locations;

- Within 10 years following the Effective Date, Tasty Hut will complete all actions to render any Access Barriers at Parking Facilities at the Tenant Responsible Locations compliant with the applicable ADA standard, subject to Acceptable Tolerances, to the extent the same area is owned or controlled by Tasty Hut, remedying at least 10 locations per year, subject to conditions or circumstances outside Tasty Hut's control.

- Tasty Hut will provide Class Counsel with an annual report (subject to confidentiality and non-disclosure) identifying the location of stores surveyed, the date the survey took place, and any actions taken to remediate any Access Barriers at the Parking Facilities at Tenant Responsible Locations.

- Class Counsel may inspect up to 25% of the Parking Facilities identified in the Annual Report, the cost of such inspections to be borne by Class Counsel.

*See* Exhibit 1 at ¶¶ 7-8.

---

[1]     The defined terms herein shall have the same meaning as in the Class Settlement Agreement and Release.

Plaintiff respectfully requests that the Court (1) preliminarily certify a class action for settlement purposes; (2) preliminarily approve the Agreement (attached as **Exhibit 1** to the Declaration of Benjamin J. Sweet); and (3) appoint Plaintiff as Class Representative and Plaintiff's counsel as class counsel. Defendant does not oppose the Motion.

## II.    RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

### A.    Factual Background

Plaintiff is a person with a mobility disability. In 2010, Ms. Chapman suffered a spinal cord injury after an accident in a pool. Ms. Chapman was paralyzed as a result of her injuries. The spinal cord injury resulted in paralysis from the chest down, leaving her with limited use of her arms and legs. Ms. Chapman is a mom, blogger, model, and advocate for people with disabilities.

Plaintiff brought this putative nationwide civil rights class action lawsuit against Defendant on March 17, 2022 in the United States District Court for the Middle District of North Carolina in which she alleged that Defendant violated Title III of the Americans With Disabilities Act, 42 U.S.C. §§ 12181 to 12189 (the "ADA") and its implementing regulations (the "Lawsuit"). *See* ECF No. 1.

Plaintiff's claims arise from her own experience with accessibility barriers present at Defendant's facility. Plaintiff visited Defendants' facility located at 2105 Sherron Road, Durham, North Carolina, 27703, on September 2, 2021, where she experienced unnecessary difficulty and risk of physical harm exiting and entering her vehicle, and navigating the facilities, due to excessive slopes in the purportedly accessible Parking

3

Areas. Specifically, the parking facilities contained parking spaces and access aisles with sloping exceeding 2.1%. Pursuant to the ADAAG 2010 Standards, parking spaces or access aisles may not have slopes steeper than 1:48, i.e., 2.1%. *See*, 36 C.F.R. part 1191, § 502.4. The 2010 Standards continued the 1991 Standards without change. *See*, Appendix D to 28 C.F.R. Part 36, § 4.6.3. ECF No. 1 at ¶¶ 17-19.

Following her experience, Plaintiff contacted Class Counsel who conducted an investigation on her behalf which identified access barriers in a further fourteen (14) locations, all of which presented accessibility barriers, including excessive sloping. Based upon the results of this investigation, Plaintiff asserted that Defendant's company-wide ADA compliance policies and practices were inadequate to ensure that the parking facilities at all Tasty Hut restaurants in the United States were accessible to mobility-disabled individuals as required by the ADA.

Defendant filed a motion to dismiss on May 20, 2022, requesting that the Court dismiss Plaintiff's individual claims and strike or dismiss Plaintiff's class allegations. ECF No. 16. On June 2, 2022, the Parties filed a motion to stay pending mediation as Counsel for the Parties agreed that mediation could facilitate settlement in lieu of protracted litigation. In light of the Parties' settlement efforts, Plaintiff filed a motion to extend time to respond to Defendant's motion to dismiss. ECF No. 20. On September 1, 2022, the Parties filed a notice of settlement following a successful mediation and subsequent talks. ECF No. 26.

The proposed Class Settlement Agreement and Release is attached to the Parties'

preliminary approval motion as Exhibit 1. The specific terms of the Settlement Agreement are discussed herein.

III. **ARGUMENT**

A. **The Settlement Class Meets the Requirements of Federal Rule of Civil Procedure 23[2]**

Pursuant to Federal Rule of Civil Procedure 23(a), class certification is proper if: "(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). In addition, a proposed class must be certifiable under one of the three subdivisions of Rule 23(b). The parties seek certification of an injunctive relief class of individuals with mobility disabilities under Rule 23(b)(2), which permits certification if the defendant "has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate with respect to the class as a whole." Fed. R. Civ. P. 23(b)(2). Numerous courts have held that policy and practice-based challenges under the ADA like those raised herein meet the commonality requirement of Rule 23(a), and are suitable for class treatment.

---

[2] It is Defendants' position that, for purposes of settlement only, they have agreed not to contest the statements made in this motion regarding class certification. It is also Defendants' position that they expressly reserve any and all defenses or denials that class certification is proper in this case should the Court not approve the settlement or the settlement not be perfected.

The parties seek certification of the following Settlement Class for declaratory and injunctive relief for settlement puporses only pursuant to Rule 23(b)(2):

> All persons with qualified mobility disabilities who have experienced or may experience Access Barriers that occur at all restaurants owned and operated by Tasty Hut in the United States as of August 30, 2022.

### 1. Joinder is Impracticable

The proposed class meets the numerosity requirement of Rule 23(a)(1). Generally, a class with more than 40 members "raises a presumption of impracticability based on numbers alone." 1 William Rubenstein, Newberg on Class Actions § 3:12, at 198 (5th ed. 2011). In the Fourth Circuit, "[n]o specific class size is necessary to maintain a class action." *Brady v. Olvera-Morales v. Intern. Lab. Mgt. Corp*., 246 F.R.D. 250, 255 (M.D.N.C. 2007) *citing Thurston Motor Lines*, 726 F.2d 136, 145 (4th Cir.1984).

Plaintiff is not required to show an exact size of the class, but can rely on common sense. *See Mitchell–Tracey v. United Gen. Title Ins. Co.,* 237 F.R.D. 551, 556 (D.Md.2006) (citing 6 Alba Conte & Herbert Newberg, *Newberg on Class Actions,* § 3:3 (4th ed. 2006) ("where general knowledge and common sense would indicate that it is large, the numerosity requirement is satisfied.") Indeed, Courts in the Fourth Circuit have allowed Plaintiffs to rely on census data to meet this requirement. *See Harris v. Rainey*, 299 F.R.D. 486, 489 (W.D. Va. 2014)("While defendants question the reliability of the census data cited by plaintiffs, there can be little doubt that the numerosity requirement is satisfied."); *Good v. Am. Water Works Co., Inc*., 310 F.R.D. 274, 294 (S.D.W. Va. 2015) (holding that the numerosity factor is met by using census data).

Case 1:22-cv-00208-WO-LPA    Document 31    Filed 12/07/22    Page 6 of 23

Here, the number of mobility disabled persons visiting Defendants' Pizza Hut restaurants nationwide meets the numerosity requirement.

### 2.    Commonality

Plaintiffs can also show that "there are questions of law and fact common to the class," Fed. R. Civ. P. 23(a)(2), and that "class members have 'suffered the same injury.'" *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011) (citation omitted); *see also Mebane v. GKN Driveline N.A., Inc*., 1:18CV892, 2020 WL 6525819 (M.D.N.C. Nov. 5, 2020) (finding commonality with a company policy).

This case presents common issues of law and fact such as whether Tasty Hut has subjected Plaintiff Chapman and the members of the putative class to discrimination on the basis of their disabilities in violation of Title III of the ADA when encountering Tasty Hut's parking facilities, rendered inaccessible to those with mobility disabilities due to Tasty Hut's inability to maintain its parking facilities in conformance with the ADAAG standards; and whether Tasty Hut is a public accommodation within the meaning of Title III of the ADA. Because the core issues raised by this case turn on the lawfulness of a business practice that applied to all Tasty Hut customers with mobility disabilities, commonality is satisfied. The answers to such core legal questions will not vary from class member to class member, and will "generate common answers apt to drive the resolution of the litigation." *Wal-Mart*, 564 U.S. at 350.

### 3.    Typicality

Rule 23(a)(3) requires that the claims of the representative party be typical of those

of the class. Typicality does not require "that the plaintiff's claim and the claims of class members be perfectly identical or perfectly aligned"—some minor variation between a named plaintiff's individual claim and those of the class members one aims to represent is to be expected. *See Deiter v. Microsoft Corp.*, 436 F.3d 461, 467 (4th Cir. 2006).

Plaintiff's claims are typical of those of the class that she seeks to represent. Specifically, (a) Plaintiff Chapman is a member of the Settlement Class; (b) Plaintiff's claims arise from the unlawful practices and course of conduct on the part of Tasty Hut which impact other mobility-disabled Tasty Hut customers; specifically, encountering accessibility barriers at Tasty Hut's parking facilities in the form of excessive sloping in contravention of ADAAG regulations; (c) Plaintiff's claims are based on the same legal and remedial theories as those of the Settlement Class and involve similar factual circumstances; (d) the injuries suffered by the named Plaintiff are similar to the injuries suffered by the Settlement Class members; and (e) the relief secured by the Settlement Agreement will benefit the named Plaintiff and the Settlement Class alike.

### 4.  <u>Adequacy</u>

The proposed class representatives and class counsel satisfy the adequacy requirement of Fed. R. Civ. P. 23(a)(4). The Court finds the adequacy requirement satisfied when (1) the named plaintiff does not have interests antagonistic to those of the class; and (2) plaintiffs' attorneys are qualified, experienced, and generally able to conduct the litigation. *Solomon v. Am. Web Loan*, Civil Action No. 4:17cv145, 2020 U.S. Dist. LEXIS

8

112782, at *8-9 (E.D. Va. June 26, 2020) (*citing In re NeuStar*, 2015 U.S. Dist. LEXIS 129463, 2015 WL 5674798, at *4).

The proposed Class Representative seeks the same relief as the members of the proposed Class and does not have any conflicts with the unnamed Class Members. Moreover, the proposed Class Representative has knowledge of the case and of her duties as a Class Representative, has provided valuable assistance in the investigation and prosecution of this case, and has affirmed her willingness to carry out her duties as a Class Representative. Chapman Decl., ¶¶ 10, 12.

Proposed Class Counsel also satisfies the requirements of Rule 23(g)(1) and (4). Counsel has extensive experience serving as lead, co-lead or class counsel in dozens of nationwide class action suits in federal courts throughout the United States. Sweet Decl. at ¶¶ 5-9. If necessary, Class Counsel is committed to preparing this case for trial and to expending the resources for its successful prosecution. Sweet Decl. at ¶¶ 9-10.

## 5. The Requirements of Rule 23(b)(2) Are Satisfied

Plaintiff's proposed class of persons with mobility disabilities may be certified under Rule 23(b)(2) if "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2).

The claims brought herein are precisely the type of claims that Rule 23(b)(2) was intended to address. Plaintiff seeks broad declaratory and injunctive relief that applies to the class as a whole, detailed above. In short, Tasty Hut will engage with an ADA

Consultant for purposes of implementing its obligations arising under the Agreement, detail compliance with the ADA in a landlord letter to be sent out to each facility, employ an ADA Consultant to survey the Parking Facilities at the Tenant Responsible Locations, remove all Access Barriers at Parking Facilities at the Tenant Responsible Locations to ensure compliance with the applicable ADA standard, and provide Class Counsel with an annual report identifying the location of stores surveyed, the date the survey took place, and any actions taken to remediate any Access Barriers at the Parking Facilities at Tenant Responsible Locations. In addition, Class Counsel may inspect up to 25% of the Parking Facilities identified in the Annual Report to ensure compliance. *See* Exhibit 1 at ¶¶ 7-8.

### B. The Proposed Settlement Agreement Meets the Standard for Preliminary Approval

#### 1. The Legal Standard for Preliminary Approval

"It has long been clear that the law favors settlement." *United States v. Manning Coal Corp.*, 977 F.2d 117, 120 (4th Cir. 1992). This is particularly true in class actions. *Binotti v. Duke U.*, 1:20-CV-470, 2021 WL 5363299, at *3 (M.D.N.C. Aug. 30, 2021) *citing Reed v. Big Water Resort, LLC*, No. 2:14-cv-101583-DCN, 2016 WL 7438449, at *5 (D.S.C. May 26, 2016) (noting the "strong judicial policy in favor of settlements, particularly in the class action context" (citation omitted)); 4 William B. Rubenstein et al., *Newberg on Class Actions* § 13.44 & n.1 (5th ed. 2018) ("*Newberg*") (collecting cases). "Whether to preliminarily approve a proposed class action settlement lies within the sound discretion of the district court." *Curtis v. Genesis Engr. Sols., Inc.*, GJH-21-722, 2021 WL 5882341, at *2 (D. Md. Dec. 10, 2021) *quoting Stephens v. Farmers Rest. Grp.*, 329 F.R.D.

476, 482 (D.D.C. 2019). In this district, there is a "strong presumption in favor of finding a settlement fair." *Kirkpatrick v. Cardinal Innovations Healthcare Sols.*, No. 1:16-CV-01088, 2018 WL 6718948, at *2 (M.D.N.C. Dec. 18, 2018).

Federal Rule of Civil Procedure 23(e) provides that a court must determine whether a proposed class action settlement is "fair, reasonable, and adequate" and whether to give notice of the proposed settlement to the class members and an opportunity to voice approval or disapproval of the settlement. Rule 23(e)(2); *Fire and Police Retiree Health Care Fund, San Antonio*, CV CCB-18-3670, 2020 WL 6826549, at *2; Manual for Complex Litigation (Fourth) § 21.632 (2020). Accordingly, in considering whether to grant preliminary approval, the Court is not required to extensively evaluate the merits of the settlement or to make a final determination on the adequacy of the settlement because these inquiries are reserved for the final stage of the class settlement approval process. Manual for Complex Litigation (Third) § 30.41, 236-37 (1995). When evaluating whether to grant preliminary approval of a class settlement, the court need "not decide the merits of the case or resolve unsettled legal questions." *Carson v. Am. Brands, Inc*., 450 U.S. 79, 88 (1981). "Courts in this circuit typically bifurcate this analysis by inquiring first into the fairness and then into the adequacy of the proposed settlement." *Fire and Police Retiree Health Care Fund, San Antonio*, 2020 WL 6826549, at *2.

"[W]e have identified four factors for determining a settlement's fairness, which are: (1) the posture of the case at the time settlement was proposed; (2) the extent of discovery that had been conducted; (3) the circumstances surrounding the negotiations; and (4) the

experience of counsel in the area of the class action litigation." *1988 Tr. for Allen Children Dated 8/8/88 v. Banner Life Ins. Co.*, 28 F.4th 513, 525 (4th Cir. 2022) *quoting Lumber Liquidators*, 952 F.3d at 484 (*citing Jiffy Lube*, 927 F.2d at 159). These factors are based upon the seminal case of *City of Detroit v. Grinnell Corp.*, 495 F.2d 448 (2d Cir. 1974), commonly known as the "*Grinnell* factors," to determine the substantive fairness of a class action settlement.

In addition to the analysis of the settlement fairness factors, Rule 23(e)(2) provides a further five factors when determining whether the relief provided to the class is adequate: (1) the costs, risk, and delay of trial and appeal; (2) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-members claims; the terms of any proposed award of attorney's fees, including the timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3) made in connection with the proposed Settlement. Fed. R. Civ. P. 23(e)(2)(C).

For the reasons discussed below, the proposed settlement is fair, reasonable, and adequate—and easily meets the requirements for preliminary approval under Fed. R. Civ. Proc. 23(e).

> ## 2. The Settlement is the Product of Serious, Informed and Non-Collusive Negotiations

To assess the fairness of a proposed settlement, courts must determine that that settlement "was reached as a result of good-faith bargaining at arm's length, without collusion" using the four factors cited *supra*. *In re Jiffy Lube*, 927 F.2d 155, at 158–59.

Case 1:22-cv-00208-WO-LPA    Document 31    Filed 12/07/22    Page 12 of 23

First, the Settlement was reached after extensive, months-long arms-length negotiations between counsel. Sweet Decl., ¶¶ 11-12. The proposed settlement in this case enjoys a presumption of fairness because it is the product of arm's-length negotiations conducted by experienced counsel who are fully familiar with all aspects of class action litigation. *See* 5 Alba Conte & Herbert Newberg, *Newberg on Class Actions* § 11.41 (2011); *Manual for Complex Litigation* (Fourth) § 21.64 (2004); *In re MicroStrategy, Inc. Sec. Litig.*, 148 F. Supp. 2d 654, 665 (E.D. Va. 2001) (holding that, when counsel had extensive experience in the subject matter of the class action, it was "appropriate for the court to give significant weight to the judgment of class counsel that the proposed settlement is in the interest of their clients and the class as a whole, and to find that the proposed partial settlement is fair.") In addition, all issues regarding substantive relief for the putative Class and for Plaintiff Chapman were resolved prior to any discussion of reasonable attorneys' fees and costs. *Id.* at ¶ 18-20.

Second, Plaintiff's Counsel has thoroughly investigated the factual and legal issues raised in this action. Plaintiff's Counsel conducted an extensive field investigation of fifteen (15) of Defendant's properties across three states. ECF No. 1 ¶ 24.

Third, the Parties engaged in mediation on or about August 30, 2022. The mediation was held with experienced mediator Anne Marie Estevez, Esq. Following mediation, as well as consideration of the risks, possible delays and expense likely to result from prolonged litigation, Tasty Hut and Chapman reached an agreement. Where negotiations are conducted at arms-length and in the presence of an experienced mediator, as in this

case, there is a presumption that the settlement meets the requirements of due process. *See Matthews v. Cloud 10 Corp.*, 2015 U.S. Dist. LEXIS 114586, at \*4 (W.D.N.C. Aug. 27, 2015); *see also Robinson v. Harrison Transp. Servs., Inc.,* 2016 U.S. Dist. LEXIS 86294, at \*6 (E.D.N.C. June 30, 2016); *Saman v. LBDP, Inc.,* 2013 U.S. Dist. LEXIS 83414, at \*12 (D. Md. June 13, 2013); *In re Dollar Gen. Stores FLSA Litig.*, 2011 U.S. Dist. LEXIS 98162, at \*12 (E.D.N.C. Aug. 22, 2011).

Fourth, Plaintiff's Counsel has extensive experience litigating and settling systemic disability rights and other complex class actions. Sweet Decl. at ¶¶ 5-9. Accordingly, the fact that qualified and well-informed counsel endorse the proposed settlement as being fair, reasonable, and adequate weighs in favor of approval.

### 3. The Settlement Has No Obvious Deficiencies and Does Not Grant Preferential Treatment to the Class Representative or Other Class Members

The proposed Settlement has no obvious deficiencies. Instead, it provides for comprehensive injunctive relief regarding the key claims at issue in this litigation.

The proposed Settlement Agreement is fair, adequate, and reasonable and falls well within the "range of possible approval," particularly in light of the substantial risks and costs associated with further litigation. All Class Members will benefit from the injunctive relief set forth in the Agreement. Without exception, the Agreement will provide Class Members with the injunctive relief that they seek: equal access to Tasty Hut's restaurants throughout the country. The proposed accessibility barrier removals have been designed to ensure that Tasty Hut's parking facilities are remediated and continuously maintained and

14

kept independently accessible for mobility-disabled customers. The agreement further provides for monitoring and annual reporting, to ensure that those remediations have, in fact, been made and will not reoccur.

Finally, members of the Class will be given the opportunity to object to the Settlement and to appear at the Final Approval/Fairness Hearing in order to have their objections heard by the Court.

### 4. The Settlement Provides Complete Relief to the Class and Easily Falls Within the Range of Possible Approval

#### i. Injunctive Relief

The injunctive relief guaranteed by the Settlement constitutes an excellent result for the Class. As discussed, the Agreement requires Defendants to assess and, wherelegally required, remediate *all* of its Parking Facilities at Tenant Responsible Locations across the country.

Pursuant to the Agreement, the Court will retain jurisdiction for purposes of the implementation and enforcement of its terms. *See* Agreement at ¶ 8.3. In sum, the Agreement provides complete relief to the Plaintiff Class, and it is doubtful that this Court would have ordered greater injunctive relief if Plaintiff had prevailed at trial. Chapman Decl., ¶ 11.

#### ii. The Litigation Risks Support Preliminary Approval

"Settlement of the complex disputes often involved in class actions minimizes the litigation expenses of both parties and also reduces the strains such litigation imposes upon already scarce judicial resources." *S.C. Nat. Bank v. Stone*, 749 F. Supp. 1419, 1423 (D.S.C.

15

1990); *see also Vaughns v. Bd. Of Educ.*, 18 F. Supp. 2d 569, 579 (D. Md. 1998). The proper question is "whether counsel had an adequate appreciation of the merits of the case before negotiating." *In re Warfarin*, 391 F.3d 516, 537 (3d Cir. 2004). "Sufficiency of information does not depend on the amount of formal discovery which has been taken because other sources of information may be available to show the settlement may be approved even when little or no formal discovery has been completed." *San Antonio Hispanic Police Officers' Org., Inc. v. City of San Antonio*, 188 F.R.D. 433, 459 (W.D. Tex. 1999).

While sufficient investigation has been undertaken in this case to reach an informed settlement, the continued litigation of the action through judgment and appeal would be costly and would substantially delay whatever additional potential relief might be obtained. If the Parties continue to litigate, it would require the Parties to produce thousands of documents, conduct depositions of opt-in Plaintiffs, putative class members, and Defendants' managers, and further investigation and retention of experts to investigate all of the parking facilities. As the case nears fuller discovery and trial preparation stages, more contentious issues are expected to arise and the case will likely increase in complexity. Among other things, a motion for certification of the class would have to be undertaken.

Pursuing this matter to trial is also not without risks, as Defendant has filed a motion to dismiss in response to the allegations asserted in the Complaint. *See* ECF No. 17. "In complex, multiyear class actions, the risks inherent in the litigation are immense." *In re MI Windows & Doors Prods. Liab. Litig.*, 2015 U.S. Dist. LEXIS 95889, at *8 (D.S.C. July

23, 2015) (citations omitted); *Brown v. Delhaize Am., LLC*, 2015 U.S. Dist. LEXIS 184265, at \*5 (M.D.N.C. July 20, 2015) (noting the "inherent uncertainty of litigation and the challenges of establishing liability in a complex case brought under Rule 23.").

The foregoing types of circumstances weigh in favor of preliminary approval. *Stone*, 749 F. Supp. at 1423.

### iii. Reasonable Attorneys' Fees and Costs

As a prevailing party by virtue of obtaining a court-enforceable Settlement Agreement, Plaintiff is entitled to recover her reasonable attorneys' fees, costs and litigation expenses. *Farrar v. Hobby*, 506 U.S. 103, 111 (1992). Plaintiff's motion for attorneys' fees, expenses and costs, will seek compensation for lodestar incurred to date plus the estimated cost of future site inspections and compliance monitoring. *See McAfee v. Boczar*, 738 F.3d 81, 88 (4th Cir. Dec. 12, 2013) (recognizing the use of the lodestar method). The Supreme Court has established a "strong presumption" that the lodestar method – "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate" – represents the "reasonable fee" to which a prevailing party is entitled. *Perdue v. Kenney A.*, 559 U.S. 542, 553-4, 130 S.Ct. 1662, 1673 (Aug. 21, 2010). As noted by the *Perdue* court, the lodestar method results in an award that roughly approximates the fees that the prevailing attorney would have received if he or she had been representing a paying client who was billed by the hour. *Id.* at 551.

When they file their motion for attorneys' fees, Plaintiff's counsel will demonstrate that this fee amount is eminently reasonable based on the lodestar method and based upon

17

the cost of future monitoring and site inspections. Sweet Decl., ¶ 18. Defendant has agreed that it will not object to Plaintiff's motion for an award of fees and costs. Settlement at ¶ 12.

An award of attorney's fees and costs has no negative impact on the fairness, reasonableness, or adequacy of the Agreement. Such fees, if awarded, will be paid directly by Defendant, and will not reduce the equitable relief provided by the Settlement in any way.

Finally, Plaintiff's Counsel will file their fee motion well in advance of the deadline for objecting to the Settlement. This Court will determine a reasonable award of fees and costs herein based upon applicable law and marketplace standards.

C.   **The Proposed Notice Satisfies Due Process and Should Be Approved**

Under Rule 23(e) and due process requirements, the parties to a class action settlement must distribute notice that is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." The threshold requirement concerning the sufficiency of class notice is whether the means employed to distribute the notice is reasonably calculated to apprise the class of the pendency of the action, of the proposed settlement, and of the class members' rights to opt out or object. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173-74 (1974). Unlike class actions certified under Rule 23(b)(3), actions certified under Rule 23(b)(2) contain "no rigid rules to determine whether a settlement notice to class members

18

satisfies constitutional and Rule 23(e) requirements." 3 Alba Conte & Herbert Newberg, Newberg On Class Actions § 8:15 (5th ed. 2013); *see also* Fed. R. Civ. P. 23(c)(2).

The form of Class Notice proposed by the parties is attached as Exhibit A to the Agreement (the "Notice"). The Notice and the proposed manner in which it will be delivered to Class Members satisfies all of the requirements of Rule 23. First, the proposed notice provides Class Members with sufficient information to make an informed and intelligent decision about the Settlement. It is written in simple, straightforward language that, among other things, includes: (1) the principal material information about the lawsuit; (2) a description of the benefits provided by the settlement; (3) an explanation of how Class Members can exercise their right to object to the settlement; (4) an explanation that any claims against Defendant that could have been litigated in this action based on the facts alleged in the Complaint will be released if the Settlement is approved; (5) information regarding Class Counsel's request for fees and costs, and how Class Members may obtain a copy of the upcoming fee motion; (6) the Final Approval hearing date; and (7) an explanation of eligibility for appearing at the Final Approval hearing.

The manner in which the notice will be delivered satisfies due process and applicable case law. Because the identities of the Settlement Class Members are unknown, it is not feasible to provide mailed notice to them. To provide notice as required by Fed. R. Civ. P. 23(e), the parties propose that Class Notice be (a) disseminated to a list of organizations who provide services to or advocate on behalf of persons with mobility disabilities; and (b)

posted on the Settlement website at www.adaparkinglotsettlementtastyhut.com. Exhibit A of the Agreement.

Accordingly, the parties hereby ask the Court to establish procedures for Notice and Objections as set forth in the proposed Preliminary Approval Order, Exhibit C to the Settlement Agreement, ¶¶ 7-9.

### D. CAFA Notice

The Class Action Fairness Act ("CAFA") requires a defendant participating in a proposed class action settlement to serve upon the appropriate state official of each state in which a class member resides and the appropriate federal official, a notice of the proposed settlement. 28 U.S.C. §1715(b). Pursuant to the proposed Preliminary Approval Order, Defendants will comply with the notice requirements set forth in 28 U.S.C. 1715. Agreement at ¶ 21.

## IV. CONCLUSION

Accordingly, the parties respectfully request that the Court:

a. Grant preliminary approval of the parties' proposed Settlement Agreement and the exhibits attached thereto (collectively, "Settlement Agreement" and filed concurrently herewith) entered into between the parties;

b. Preliminarily certify a Settlement Class;

c. Appoint Plaintiff Rachelle Chapman as a Class Representative representing the Settlement Class;

d. Appoint the firm of Nye, Stirling, Hale, Miller & Sweet, LLP as Settlement Class

20

Counsel;

e. Approve the parties' proposed notice program, including the proposed form of notice, as set forth in the Settlement Agreement, and direct that notice be disseminated pursuant to such program;

f. Set a Final Approval Hearing and certain other dates in connection with the final approval of the Settlement Agreement.

Dated: December 7, 2022

Respectfully Submitted,

ROSENWOOD, ROSE & LITWAK, PLLC

*/s/ Nancy S. Litwak*
Nancy S. Litwak (N.C. Bar No. 47288)
Erik M. Rosenwood (N.C. Bar No. 28049)
1712 Euclid Ave
Charlotte, NC 28203
Tel.: 704-228-8578
Fax: 704-371-6400
nlitwak@rosenwoodrose.com
erik@rosenwoodrose.com

NYE, STIRLING, HALE AND MILLER, LLP
Jordan T. Porter (By Special Appearance)
33 West Mission Street, Suite 201
Santa Barbara, CA 93101
Tel.: 805-963-2345
Fax: 805-284-9590
jordan@nshmlaw.com

NYE, STIRLING, HALE AND MILLER, LLP
Benjamin J. Sweet (By Special Appearance)
1145 Bower Hill Road
Pittsburgh, PA 15243
Tel.: (412) 857-5350
ben@nshmlaw.com

*Attorneys for Plaintiff and the Class*

21

## CERTIFICATE OF WORD COUNT
## PURSUANT TO LOCAL RULE 7.3(d)

The undersigned hereby certifies that the foregoing brief complies with Local Rule 7.3, in that this brief does not exceed 6,250 words, including the body of the brief, headings and footnotes, and excluding the caption, signature lines, certificate of service, and any cover page or index. The undersigned has relied on the word count feature of its word processing software in making this certification.

THIS the 7th day of December, 2022.

ROSENWOOD, ROSE & LITWAK, PLLC

*/s/ Nancy S. Litwak*
Nancy S. Litwak (N.C. Bar No. 47288)
1712 Euclid Ave
Charlotte, NC 28203
Tel.: (704) 228-8578
Fax: (704) 371-6400
Email: nlitwak@rosenwoodrose.com
*Attorneys for Plaintiff and the Class*

22

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on the date specified below, she electronically filed the foregoing **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** with the Clerk of Court using the CM/ECF system, which will send electronic notification of the filing to the following counsel of record:

R. Bryan Holbrook
Fisher & Phillips LLP
227 W. Trade St., Suite 2020
Charlotte, NC 28202
bholbrook@fisherphillips.com

Matthew R. Korn
Fisher & Phillips, LLP
1320 Main St., Suite 750
Columbia, SC 29201
mkorn@fisherphillips.com
*Attorneys for Defendants*

THIS the 7th day of December, 2022.

ROSENWOOD, ROSE & LITWAK, PLLC


*/s/ Nancy S. Litwak*
Nancy S. Litwak (N.C. Bar No. 47288)
1712 Euclid Ave
Charlotte, NC 28203
Tel.: (704) 228-8578
Fax: (704) 371-6400
Email: nlitwak@rosenwoodrose.com

*Attorneys for Plaintiff and the Class*

23