IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
RACHELLE CHAPMAN, individually  )
and on behalf of all others     )
similarly situated,             )
                                )
            Plaintiffs,         )
                                )
     v.                         )          1:22-cv-208
                                )
TASTY HUT, LLC, TASTY HUT       )
OF NC, LLC, TH PROPCO, LLC,     )
and DOES 1 to 25,               )
                                )
            Defendants.         )
```

## FINAL JUDGMENT APPROVING CLASS ACTION SETTLEMENT

This matter came for hearing upon the Plaintiff's application for final approval of the Settlement as set forth in the Class Action Settlement Agreement, as amended (the "Settlement Agreement"), (Docs. 31-3, 37-1). Due and adequate notice having been given to the Class; the Court having considered the Settlement Agreement; all papers filed, proceedings had, and all oral and written comments received regarding the proposed Settlement; the Court having reviewed the record in this Lawsuit; and good cause appearing.

**IT IS ORDERED AND ADJUDGED** that,

1. Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement, in accordance with Fed. R. Civ. P. 23, is **GRANTED**, and the settlement is hereby, approved. This Court shall enter the Judgment provided in the Settlement Agreement

and Defendants shall effectuate the relief provided for, including the payment of the incentive award to the class representative and payment of attorney's fees and costs to Plaintiff's counsel.

2. The Court, for purposes of this Judgment and Order of Dismissal ("Judgment"), adopts all defined terms as set forth in the Class Action Settlement Agreement filed in this case.

3. The Court has jurisdiction of the subject matter of the Lawsuit, the Class Representative, the Class Members, and the Defendants.

4. The Court finds that the distribution of the Notice to Class Members, as provided for in the Order Granting Preliminary Approval for the Settlement, constituted best notice practicable under the circumstances to all Persons within the definition of the Class and fully met the requirements of due process under the United States Constitution. Based on evidence and other material submitted in conjunction with the Settlement Hearing, the Notice to the Class was adequate.

5. The Court finds that Defendants complied with all their obligations pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715 ("CAFA") with respect to this class action settlement.

6. The Court finds in favor of Settlement approval.

7. The Court approves the Settlement of the above-captioned action, as set forth in the Settlement Agreement, and finds that

each of the releases and other terms, are fair, just, reasonable, and adequate to the Class Representative, the Class Members, Class Counsel, and the Defendants ("Settling Parties"). The Settling Parties are directed to perform in accordance with the terms set forth in the Settlement Agreement.

8. All of the Released Claims are dismissed with prejudice as to the Class Representative and the Class Members. The Settling Parties are to bear their own attorneys' fees and costs, except as otherwise provided in the Settlement Agreement and this Judgment.

9. By this Judgment, the Class Representative shall release, relinquish, and discharge, and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against Defendants, their direct and indirect subsidiaries, divisions, parents, affiliates, companies under common control of any of the foregoing, predecessors, successors, and assigns, and its and their past, present and future shareholders, partners, principals, managers, members, directors, officers, employees, agents, attorneys, insurers, franchisors, employee benefit plans, trustees and all others acting in concert with them from any and all claims, rights, demands, charges, complaints, actions, suits, and causes of action for injunctive or

declaratory relief arising through the date of Final Approval based on any and all claims which are, or could have been raised, in the Lawsuit either individually or on a class-wide basis, or which arise out of, or are in any way related to the subject matter of the Lawsuit, including, but not limited to, any claims relating to the accessibility of Tasty Hut's Parking Facilities in the United States and the adequacy of its ADA compliance policies and procedures to the extent they impact the provision of accessible parking facilities during the term of the Settlement Agreement. The Released Claims shall also include all claims, rights, demands, charges, complaints, actions, suits, causes of action, or liabilities of any kind for injunctive or declaratory relief based on conduct that occurs after Final Approval of the Settlement Agreement and during the Term of the Settlement Agreement to the extent that such claims arise out of or relate to actions, omissions, or conduct that are being addressed under the terms of the Settlement Agreement.

    10. This action is hereby dismissed in its entirety with prejudice.

    11. Neither the Settlement Agreement nor any act performed or document executed pursuant to, or in furtherance of, the Settlement may be deemed to be or may be used as an admission of, or evidence of: (i) the validity of any Released Claim, or of any wrongdoing or liability of Defendants; or (ii) any fault

or omission of Defendants in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. Defendants may file the Settlement Agreement and/or the Judgment from this Lawsuit in any other action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment, bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

13. Defendant has agreed to pay $145,000 for Class Counsel's reasonable attorneys' fees, future monitoring fees and allowable costs in this matter and have also agreed to pay $2,000 to the Class Representative as a Plaintiff incentive payment. The Court finds that the amount of fees and costs requested by Class Counsel and the Plaintiff incentive payment are fair and reasonable. Defendant is directed to make such payments in accordance with the terms of the Settlement Agreement.

14. The Court reserves exclusive and continuing jurisdiction over the Lawsuit, the Class Representative, the Class Members, and the Defendant for the purposes of supervising the implementation, enforcement, construction, administration, and interpretation of the Settlement Agreement and this Judgment.

15. This document shall constitute a Judgment for the purposes of Rule 58 of the Federal Rules of Civil Procedure

This the 28th day of June, 2023.

　　　　　　　　　　　　　_William L. Osteen, Jr._
　　　　　　　　　　　　　United States District Judge