IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
RACHELLE CHAPMAN, individually  )
and on behalf of all others     )
similarly situated,             )
                                )
              Plaintiffs,       )
                                )
    v.                          )      1:22-cv-208
                                )
TASTY HUT, LLC, TASTY HUT       )
OF NC, LLC, TH PROPCO, LLC,     )
and DOES 1 to 25,               )
                                )
              Defendants.       )
```

## ORDER

This matter comes before the court on Plaintiff's, Rachelle Chapman's, Notice of Motion and Unopposed Motion for Reasonable Attorneys' Fees and Costs. (Doc. 40.) For the reasons stated herein, this court will grant Plaintiff's motion.

## I. BACKGROUND

Plaintiff has a mobility disability and uses a wheelchair. (Doc. 1 at 1.) She commenced this action against Defendants on March 17, 2022 by filing a complaint which alleged that Defendants violated Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181 to 12189 (the "ADA") and its implementing regulations. (Id.)

Plaintiff alleges that on September 2, 2021 she visited Defendants' facility and "experienced unnecessary difficulty and

risk of physical harm exiting and entering her vehicle, and navigating the facilities, due to excessive slopes in the purportedly accessible parking areas." (Doc. 41 at 2; see also Doc. 1 at 6.) Specifically, Plaintiff alleges that the parking facilities contained parking spaces and access aisles with sloping exceeding 2.1% in violation of the ADA Standards for Accessible design which mandate slopes may not exceed 2.1%. (Doc. 41 at 2-3.) A subsequent investigation determined an additional 14 locations had accessibility barriers including excessive sloping. (Id. at 3; see also Doc. 1 at 8-11.)

Defendants filed a motion to dismiss in response to Plaintiff's complaint. (Doc. 16.) Before Plaintiff's response to Defendants' motion was due, the parties filed a Joint Motion to Stay Pending Mediation, (Doc. 19), which this court granted, (Doc. 24). During the stay, the parties engaged in a successful mediation where they reached an agreement to settle the litigation. (Doc. 41 at 3.) Under the terms of the Settlement Agreement, (Doc. 31-3), Defendants agree to:

- Engage an ADA consultant of their choosing within 2 months for purposes of implementing its obligations under the Settlement Agreement. (Doc. 31-3 at 7.)
- Send a letter to each landlord for all Landlord Responsible Locations notifying it of its obligations

under the ADA with respect to Parking Facilities within 12 months. (Id. at 8.)

- Require the ADA Consultant to survey the Parking Facilities at Tenant Responsible Locations within 18 months. (Id.)

- Complete all actions to render any Access Barriers at Parking Facilities at Tenant Responsible Locations compliant with applicable ADA standards within 10 years, remedying at least 10 locations per year, subject to conditions or circumstances outside Defendants' control. (Id. at 8-9.)

- Provide Class Counsel with an annual report identifying the locations of stores surveyed, the date of the survey, and actions taken to remediate any Access Barriers at the Parking Facilities at Tenant Responsible Locations. (Id. at 9.)

- Allow Class Counsel to inspect up to 25% of the Parking Facilities identified in the annual report. Class counsel will bear the cost of such inspections. (Id.)

The Settlement Agreement also provides that Plaintiff will receive a $2,000 incentive payment and that Class Counsel will receive $145,000 for attorneys' fees, costs and future

- 3 -

monitoring and site inspection expenses. (Doc. 31-3 at 20.) This court preliminarily approved the Settlement Agreement and later amended its order at the request of the parties. (See Docs. 32, 34, 36.) This court also held a Fairness Hearing where it found the proposed settlement terms are fair and reasonable and asked the parties to provide additional documentation regarding attorneys' fees. (Minute Entry 06/14/2023.)

## II. ANALYSIS

A prevailing party in an action under the ADA may recover attorneys' fees. See 42 U.S.C. § 12205; see also Nat'l All. for Accessibility, Inc. v. Triad Hosp. Corp., No. 1:11-CV-527, 2012 WL 996661, at *8 (M.D.N.C. Mar. 23, 2012). A plaintiff prevails "when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." Lefemine v. Wideman, 568 U.S. 1, 4 (2012) (per curiam) (quoting Farrar v. Hobby, 506 U.S. 103, 111-12 (1992)). "[A]n injunction or declaratory judgment, like a damages award, will usually satisfy that test." Id. (citation omitted). The Settlement Agreement provides Plaintiff with injunctive relief and Defendants do not dispute that Plaintiffs prevailed in this case; thus, it is proper for this court to award Plaintiff's counsel attorneys' fees.

This court will apply the lodestar method to determine a reasonable attorneys' fee award. The lodestar method involves multiplying the attorney's reasonable hourly rate by the number of hours reasonably expended, after considering the Johnson factors:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

Grissom v. Mills Corp., 549 F.3d 313, 321 (4th Cir. 2008) (quoting Spell v. McDaniel, 824 F.2d 1380, 1402 n.18 (4th Cir. 1987)). These factors from Johnson "are to be considered as part of the Court's determination of the reasonable number of hours and the reasonable rate to be used in this case." Dawson, 2014 WL 4748512, at *3; see also Barber v. Kimbrell's, Inc., 577 F.2d 216, 226 (4th Cir. 1978); Johnson v. Ga. Highway Express, Inc., 488 F.2d 714 (1974). Counsel is expected to exercise "billing judgment," and district courts should exclude hours that are

"excessive, redundant, or otherwise unnecessary[.]" See Hensley v. Eckerhart, 461 U.S. 424, 434 (1983).

An applicant for legal fees bears "the burden of establishing the reasonableness" of their attorney's rates and "is obliged to show that the requested hourly rates are consistent with 'the prevailing market rates in the relevant community for the type of work for which [s]he seeks an award.'" McAfee v. Boczar, 738 F.3d 81, 91 (4th Cir. 2013) (alteration in original) (citation omitted). "The relevant market for determining the prevailing rate is ordinarily the community in which the court where the action is prosecuted sits." Rum Creek Coal Sales, Inc. v. Caperton, 31 F.3d 169, 175 (4th Cir. 1994) (citation omitted)

Plaintiff has provided a time report containing the billable hour rate and hours worked for each attorney and staff member who worked on this matter. (See Doc. 40-1.) Two attorneys, Jordan Porter and Benjamin Sweet, spent a combined 109.2 hours on the matter at a rate of $750. (Id.) A second attorney, Callum T. Appleby, spent 44.6 hours on the matter at a rate of $350. (Id.) The final attorney, Nancy Litwak, spent 7.3 hours litigating the matter at a rate of $400. (Id.) Additionally, a paralegal billed 1.9 hours at a rate of $150 and an investigator billed 29.4 hours at a rate of $200. (Id.)

Considering first the hours expended on this case, this court finds that the 161.1 hours spent by the four lawyers and the 31.2 hours spent by two non-attorney staff members are reasonable. This matter has been pending for over a year. Based on this court's review of counsel's time sheets, the time devoted to litigating this matter was reasonable and not excessive. (See Docs. 49-1, 50-1.)

The rates billed by the investigator and paralegal on this case of $200 and $150 respectively are "consistent with the prevailing market rates in the relevant community for the type of work." McAfee, 738 F.3d at 91 (internal citation and quotations omitted); see Software Pricing Partners, LLC v. Geisman, No. 3:19-cv-195-RJC-DCK, 2023 WL 3467768, at *4 (W.D.N.C. May 15, 2023) (finding rates from $175-$215 for non-attorney e-discovery support staff were reasonable; North Carolina State Conf. of the NAACP v. McCrory, No. 1:13CV658, 2018 WL 11428840, at *4 (M.D.N.C. Dec. 7, 2018) (finding a billing rate of $200 for a paralegal was reasonable).

As for the attorneys' rates, Ms. Litwack, a partner at her law firm with more than ten years of experience, bills at a rate of $400 per hour. (Doc. 49 ¶¶ 2, 4-5.) Mr. Appleby, an associate at his law firm, bills at a rate of $350 per hour. (Doc. 50 ¶ 4.) Mr. Porter and Mr. Sweet, partners at their law firm, each

- 7 -

bill at a rate of $750 per hour. (Id.) Ms. Litwack and Mr. Appleby's rates are "consistent with 'the prevailing market rates in the relevant community for [this] type of work." McAfee, 738 F.3d at 91; See Narciso-Miguel v. Blalock, No. 1:19-cv-226, 2020 WL 13553523, at *2 (M.D.N.C. Oct. 26, 2020) (finding an hourly rate of $425 reasonable). However, Mr. Porter and Mr. Sweet's hourly rates appear to be at the very top of what other federal courts in North Carolina have found to be reasonable. See North Carolina State Conf. of the NAACP, 2018 WL 11428840, at *3-4 (expressing concern at attorneys' fees that ranged from $525 to $925 per hour in an "extensive" and "complex" voting rights case but ultimately approving the fee request considering the parties negotiated resolution) see also Software Pricing Partners, 2023 WL 3467768, at *4 (finding hourly rates of $675-$775 were reasonable in the Charlotte area). Mr. Sweet also states that he is "familiar with the standard hourly rates charged by other attorneys and law firms in the class action context, with similar experience and background in representing clients of this nature, and I believe the rates charged by NSHMS for myself, Mr. Porter, and my associates and investigators are at or below the standard rate." (Doc. 50 ¶ 5.) The cases Plaintiff cites, (see Doc. 41 at 14), and the affidavit provided do not carry Plaintiff's burden to

- 8 -

show the rates are reasonable "for the type of work for which [s]he seeks an award." McAfee, 738 F.3d at 91 (internal citation and quotations omitted). Specifically, they fail to show that this case was sufficiently complex or demanding as to make their rate of $750 per hour reasonable.

On the limited record before it, this court will not make a finding that $750 per hour is or is not a reasonable rate for an attorney in the Middle District of North Carolina litigating an ADA class action case. However, for reasons this court will explain, even if this court were to find a reasonable rate for Mr. Porter and Mr. Sweet was Ms. Litwak's rate of $400 an hour, the total fee requested in this case would still be reasonable.

In addition to Class Counsel's work on the matter and the costs already incurred, under the terms of the Settlement Agreement, Plaintiff's counsel has the right to inspect up to 25% of the Parking Facilities identified in Defendants' annual report, or up to 29 of Tasty Hut's 116 locations. (Doc. 40-1 ¶ 6.) Plaintiff's counsel estimates the total cost of these inspections will be $2,500 per inspection or $72,500. (Id. ¶ 7.) Other courts have found post-judgment monitoring costs are compensable through an award of attorneys' fees. (See Braggs v. Dunn, 2017 U.S. Dist. LEXIS 193997, *41–42 (approving an attorneys' fee award that compensated the plaintiff's counsel

- 9 -

for work already performed on the matter and "fees associated with [the plaintiff's] role in monitoring the [defendant's] compliance with the agreement"); Jackson v. Los Lunas Ctr., 489 F. Supp. 2d 1267, 1272 (D.N.M. 2007) (holding "that Plaintiffs' attorneys' monitoring activities are compensable").

According to Plaintiff, the combined cost of the attorney fees', costs, and future inspections is $185,711.40. Under the terms of the Settlement Agreement, Defendants have agreed to pay Plaintiff $145,000. (Doc. 31-3 at 12.) Even if Mr. Porter and Mr. Sweet's rates were reduced to $400 per hour, Plaintiff's costs in this action would total $147,491.40, resulting in a lodestar multiplier of .98. "Courts have found that lodestar multipliers ranging from 2 to 4.5 demonstrate the reasonableness of a requested percentage fee." Kirkpatrick v. Cardinal Innovations Healthcare Sols., 352 F. Supp. 3d 499, 507 (M.D.N.C. 2018) (citation omitted). Here, as the lodestar multiple is less than one, even after reducing Mr. Sweet's and Mr. Porter's billing rates to $400. As such, this court finds the attorneys' fee award of $145,000 provided in the Settlement Agreement is reasonable.

Finally, the Settlement Agreement also provides Plaintiff with an incentive award of $2,000 in exchange for "a general release of her individual claims." (Doc. 31-2 at 7.) "At the

- 10 -

Case 1:22-cv-00208-WO-LPA    Document 52    Filed 06/28/23    Page 10 of 12

conclusion of a successful class action case, it is common for courts, exercising their discretion, to award special compensation to the class representatives in recognition of the time and effort they have invested for the benefit of the class." Smith v. Krispy Kreme Doughnut Corp., No. 1:05-cv-187, 2007 WL 119157, at *4 (M.D.N.C. Jan. 10, 2007). Defendants have not objected to Plaintiff's motion nor have any class members objected to this request. Thus, this court concludes awarding $2,000 to Plaintiff Rachelle Chapman is fair and reasonable.

### III. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Plaintiff's Notice of Motion and Unopposed Motion for Reasonable Attorneys' Fees and Costs, (Doc. 40), is **GRANTED.**

**IT IS FURTHER ORDERED** that the payment of an incentive award to Rachelle Chapman is approved.

**IT IS FURTHER ORDERED** that the payment of attorneys' fees requested in Doc. 40 shall be made in accordance with the terms of the Settlement Agreement (Doc. 31-3).

**IT IS FURTHER ORDERED** that this court retains jurisdiction over this case for purposes of resolving any issues pertaining to settlement administration.

**IT IS FURTHER ORDERED** that the above-captioned action is **DISMISSED WITH PREJUDICE.**

This the 28th day of June, 2023.

                                              /s/ William L. Osteen, Jr.
                                              United States District Judge